**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


UNITED STATES OF AMERICA                    CRIMINAL DOCKET

VERSUS                                      19-153-SDD-RLB

DAVID BRAUN

## <u>RULING</u>

This matter is before the Court on *Motion to Dismiss*[1] filed by Defendant, David Braun ("Defendant").  The Government filed an *Opposition* to this motion,[2] to which Defendant filed a *Reply.*[3]  For the following reasons, the Court finds that Defendant's motion should be denied.

## I.    BACKGROUND

On December 11, 2019, Defendant was indicted by a federal grand jury, which charged him with possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[4]  The Indictment charges that, on or about July 23, 2019, the defendant, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, a felony," did knowingly possess approximately 40 firearms and 42,000 rounds of ammunition, which had been previously shipped and transported in interstate commerce.[5]  Defendant has moved to dismiss the

---

[1] Rec. Doc. No. 17.
[2] Rec. Doc. No. 20.
[3] Rec. Doc. No. 21.
[4] Rec. Doc. No. 1.
[5] *Id.*
59512

Indictment, arguing he is entitled to this relief because Louisiana's concealed handgun statute does not trigger the "unless clause" of 18 U.S.C. 921(a)(20); thus, the Defendant's prior convictions do not qualify as predicate offenses under 18 U.S.C. § 922(g)(1).[6]

Defendant acknowledges that the Government provided evidence of his prior convictions in discovery, including the following: a July 10, 1996, guilty plea and conviction of attempted possession with intent to distribute marijuana and possession of rohypnol in Louisiana's 19th Judicial District Court;[7] an October 8, 2003 guilty plea and conviction of possession with intent to distribute marijuana in the 19th JDC.[8] For this 2003 conviction, the court sentenced Defendant to seven years but suspended the imposition of the sentence and placed Defendant on two years of active, supervised probation.[9] Documents demonstrated that the Defendant's probation for this second conviction ended approximately on October 8, 2005, and, as of the date charged in the Indictment, the Defendant had not received either a Governor's pardon or an expungement with respect to these convictions.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Indictment

Defendant moves to dismiss the Indictment, arguing it is legally defective for failing to state an offense. The Federal Rules of Criminal Procedure allow a defendant to raise as a defense prior to trial a claim that the indictment is legally defective for failure to state

---

[6] Rec. Doc. No. 17-1, p. 18.
[7] Court Minutes of 19th JDC, Case No. 10-95-531, July 10, 1996. The minutes also indicate that the court sentenced the Defendant under the La. Code of Criminal Procedure Article 893 and deferred imposition of sentence for a period of 2 years, placing him on active, supervised probation for that period. Court Minutes of 19th JDC, Case No. 10-95-531, July 24, 1996.
[8] Court Minutes of 19th JDC, Case No. 12-01-352, October 8, 2003
[9] *Id.*
59512

an offense.[10] A court can rule on such a motion when the alleged infirmity is a legal question requiring no determinations of fact.[11]

The Court must now determine whether the indictment is facially deficient. Rule 12(b)(3)(B) is the procedural mechanism for challenging a defect in the indictment prior to trial. To be legally sufficient, an indictment need only (1) enumerate each element of the charged offense, (2) fairly inform the defendant of the charges filed against him, and (3) provide the defendant with a double jeopardy defense against future prosecution.[12] A motion to dismiss an indictment for failure to state an offense requires the court to take the allegations of the indictment as true.[13]

The question whether a conviction constitutes a predicate offense for prosecution under § 922(g)(1) is "purely a legal one."[14] Stated differently, whether a prior conviction qualifies as a "crime punishable by imprisonment for a term exceeding one year," as that phrase is defined in § 921(a)(20), is a question of law appropriate for consideration by the court on a motion to dismiss.[15]

### B. *Caron v. United States* and the *Dupaquier* test

A conviction for purposes of 18 U.S.C. § 922(g)(1) is defined in 18 U.S.C. § 921(a)(20) as a conviction as "determined in accordance with the law of the jurisdiction in which the proceedings were held." "Any conviction . . . for which a person has been pardoned or had civil rights restored shall not be considered a conviction . . . unless such

---

[10] Fed. R. Crim. P. 12(b)(3)(B)(v).
[11] *See United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).
[12] *United States v. Crinel*, 2015 WL 3755896 (E.D. La. June 16, 2015)(citing *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996)).
[13] *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998).
[14] *See United States v. Broadnax*, 601 F.3d 336, 345 (5th Cir. 2010).
[15] *Id.*
59512

pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."[16]  This is referred to as the "unless clause."  Under the "unless clause," an offender gains no exemption through restoration of civil rights if the dispensation "expressly provides that the person may not ship, transport, possess, or receive firearms."[17] Notably, whether a state felony conviction qualifies under 18 U.S.C. § 922(g)(1) depends on the laws of the state, including any state laws regarding post-conviction restoration of civil rights or continuing firearm restrictions on felons.[18]

In *Caron v. United States*, the Supreme Court concluded that the phrase "may not ... possess ... firearms" must be interpreted under an "all-or-nothing" approach, adopting the government's position. Under the "all or nothing" approach:

> [A] state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all. This is so even if the guns the offender possessed were ones the State permitted him to have. The state has singled out the offender as more dangerous than law-abiding citizens, and federal law uses this determination to impose its own broader stricture.[19]

The Court explained that the federal government has an interest in a single, national, protective policy, broader than required by the State, to effectuate Congress' intent "to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States."[20]  Thus, the Court rejected the dissent's position that the "plain meaning" of the statute triggers the "unless clause" only "when the State additionally prohibits those ex-felons from

---

[16] 18 U.S.C. § 921(a)(20).
[17] *See Logan v. United States*, 552 U.S. 23, 128 S.Ct. 475, 479–480, 482 (2007).
[18] *See Caron v. United States*, 524 U.S. 308, 313 (1998).
[19] *Id.* at 315.
[20] *Id.*
59512

possessing firearms altogether."[21] Since the State regarded the defendant as too dangerous to trust with handguns, although it accorded this right to law-abiding citizens, federal law used the State's finding of dangerousness to prohibit the defendant from possessing guns.[22] Therefore, under the "all or nothing" reasoning of *Caron*, a civil rights restoration that limits - but does not ban - the possession of even one type of firearm was deemed one that triggered the "unless clause."

The Fifth Circuit has developed a two-prong test (the "*Dupaquier* test") to determine whether the "rights restoration" exemption disqualifies a prior felony conviction from serving as a felon in possession predicate offense. First, the defendant's civil rights must have been "sufficiently restored" under § 921(a)(20), *i.e.*, he must have regained the rights to vote, to hold public office, and to sit on a jury. Second, if the defendant's civil rights have been sufficiently restored, the defendant must nevertheless not be "expressly deprived of the right to possess a firearm by some provision of the restoration law or procedure of the state of the underlying conviction."[23] The second inquiry turns on the method of restoration of rights.[24] This is essentially the "unless clause." In Louisiana, a defendant's rights are restored automatically by operation of state law upon completion of a first-time offender's sentence.[25] To accomplish this, the Division of Probation and Parole must issue a certificate to a first-time offender "recognizing and proclaiming that

---

[21] *Id.* at 318 (Thomas, J., dissenting).
[22] *Id.* at 316–317.
[23] *United States v. Chenowith*, 459 F.3d 635, 636 (5th Cir. 2006)(quoting *United States v. Thomas*, 991 F.2d 206, 213 (5th Cir. 1993); *United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996).
[24] *United States v. Washington*, 544 Fed.Appx. 365, 367 (5th Cir. 2013)(citing *Chenowith*, 459 F.3d at 637–638).
[25] *Washington*, 544 Fed.Appx. at 367 (citing *Dupaquier*, 74 F.3d 615, 617–19 (5th Cir. 1996); La. Const. art. I, § 202; La.Rev.Stat. § 15:572(B)(1)3, (D)4; La. Const. art. IV, § 5(E)(1).
59512

[he] is fully pardoned for the offense, and that he has all rights of citizenship and franchise."[26]

Since *Caron*, the Fifth Circuit has continued to apply the two-part test set forth in *Dupaquier* and has applied *Caron* to the analysis of the second inquiry.[27]

Pursuant to Louisiana law, it is unlawful for persons convicted of certain enumerated felonies to possess firearms for a period of ten years following completion of their sentences.[28] In the present matter, the Defendant was convicted of one of these enumerated felonies in 1996 and again in 2003, each time for a violation of the Uniform Controlled Dangerous Substances Law. Defendant completed his last term of probation on approximately October 8, 2005, and his 10-year prohibition ended on approximately October 8, 2015.

Louisiana law also prohibits persons with un-expunged felonies on their criminal records from obtaining a concealed handgun permit, absent a governor's pardon.[29] The law states, in pertinent part, that "a conviction for a felony offense which has been expunged . . . shall not be considered a conviction for the purposes of this Paragraph if ten years have elapsed since the completion of the resident's probation, parole, or suspended sentence."[30] Thus, a person previously convicted of a Louisiana felony remains ineligible to obtain a concealed handgun permit unless the person either (a)

---

[26] La. R.S. 15:572(D).
[27] *See United States v. Daugherty*, 264 F.3d 513, 515-517 (5th Cir. 2001) (applying *Caron* to the *Dupaquier* test to find defendant's prior Texas conviction qualified, because he remained subject to certain state firearm restrictions); *See also United States v. Kyllonen*, 774 F. App'x 212, 213 (5th Cir. 2019) (unpublished) (applying *Caron*, finding defendant's prior conviction qualified because Michigan restricted his ability to obtain a concealed carry permit).
[28] La. R.S. 14.95.1(C).
[29] La. R.S. 40:1379.3(B)(6) (effective August 1, 2018).
[30] *Id.*
59512

receives a governor's pardon or (b) ten years have elapsed **and** the conviction was expunged.[31]

## C. Appellate Court Decisions post-*Caron*

Recently, in *United States v. Kyllonen*, the Fifth Circuit determined that a Michigan concealed weapon restriction, similar to Louisiana's, triggered the "unless clause" and prohibited the defendant from possessing a firearm under federal law.[32] The Fifth Circuit noted that there is an exception to the prohibition of a convicted felon possessing a firearm when that person "has had [their] civil rights restored ... unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."[33] Applying *Caron*, the Fifth Circuit found that, "under the Supreme Court's existing interpretation, any residual limitation on the offender's right to possess a firearm—however small—is enough to activate § 921(a)(20)'s 'unless' clause and preclude the offender from taking advantage of the statutory exception."[34] Thus, the Fifth Circuit affirmed the district court and held:

> At the time Kyllonen was released from prison, Michigan would only grant a concealed carry permit to applicants who had "never been convicted of a felony in this state or elsewhere." Mich. Comp. Laws § 28.425b(7)(f). The state, in other words, imposed a residual limitation on Kyllonen's ability to exercise his Second Amendment rights. Accordingly, Kyllonen never qualified under § 921(a)(20) for an exception to § 922(g)(1) liability, irrespective of any other civil right that Michigan may or may not have restored to him.[35]

---

[31] Emphasis added.
[32] 774 Fed. Appx. 212 (5th Cir. 2019)(*per curiam*).
[33] *Id.* at 213 (quoting 18 U.S.C. § 921(a)(20)).
[34] *Id.* (citing *Caron*, 524 U.S. at 314-17).
[35] *Id.*
59512

In *United States v. Sanford*,[36] the Sixth Circuit addressed whether, under *Caron*, a state statute triggered the "unless clause" by prohibiting the defendant, whose civil rights had been restored by state law upon his release from incarceration, from obtaining a concealed weapons permit due to his state conviction. The *Sanford* court concluded that the inability of the defendant to obtain a concealed weapons permit restricted his ability to "transport" a firearm which was sufficient to trigger the "unless clause."[37]

The Sixth Circuit noted that the defendant's ineligibility to obtain a concealed weapons permit "severely hindered, but did not completely eliminate, his ability to transport a handgun," as well as the ambiguity of the text of the statute as to whether such a restriction triggers the "unless clause."[38]  The court held, however, that the Supreme Court's decision in *Caron*, adopting an "all or nothing" interpretation, resolved any ambiguity and compelled a finding that the statutory restriction triggered the "transport" element of the "unless clause."[39] The court explained that, "[j]ust as the restriction in *Caron* was not a blanket ban on all handgun possession, the restriction [at issue was] not a blanket ban on all pistol transportation."[40] However, "[l]ogistically, Sanford's restrictions [were] similar to Caron's: Sanford [was] allowed to carry his firearm in his dwelling house, place of business, or on other land possessed by him, but his inability to obtain a concealed weapons permit denie[d] him the freedom to carry a pistol concealed on or about his person anywhere in the state."[41] Because "Sanford [did] not

---

[36] 707 F.3d 594 (6th Cir. 2012).
[37] *Id.* at 596.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 597.
[41] *Id.* (internal quotations and citations omitted).
59512

have the same freedom to transport his firearm as a Michigan citizen without a domestic assault record," under the "all or nothing" approach adopted in *Caron*, this restriction was held sufficient to trigger the "unless clause."[42]  Thus, the *Sanford* court held that the defendant's prior state court conviction was a proper predicate offense, and his federal firearms possession conviction was upheld.

The Ninth Circuit also reached this conclusion in *Van der Hule v. Holder*,[43] wherein the plaintiff, who had previously been convicted of sexual assault and had his civil rights restored by operation of state law at the completion of his sentence, attempted to purchase a firearm from a firearm dealer.[44] The examiner who processed the background check determined that the plaintiff's prior conviction precluded him from obtaining a Montana concealed weapons permit; thus, he was also prohibited under federal law from possessing or receiving any firearm.[45] The plaintiff filed suit for a declaratory judgment.[46] To resolve this question, the Ninth Circuit had to examine the connection between the "unless clause" of § 921(a)(20) and the state's statutory restriction on a felon's ability to obtain a concealed weapons permit.

The court noted that the state law did not restrict the applicant from possessing any firearm; rather, it merely restricted the manner in which the applicant could possess the firearm in that he was precluded from obtaining a permit to conceal a handgun in certain locations where it would otherwise be unlawful to do so.[47]  Thus, the court found

---

[42] *Id.*
[43] 759 F.3d 1043 (9th Cir. 2014).
[44] *Id.* at 1045.
[45] *Id.*
[46] *Id.*
[47] *Id.* at 1049.
59512

that the state law effectively imposed a time, place, and manner restriction on the applicant's right to possess firearms.[48] The Ninth Circuit concluded that, under the "all or nothing" approach in *Caron*, that restriction was sufficient to trigger the "possess" element of the "unless clause" in § 921(a)(20).[49] The court reasoned that the applicant was "more limited in the control he may exercise over a handgun than a person with a permit to carry a concealed handgun" and that the "restrictions on the ways he may use a handgun that do not apply to others who lack a similar criminal history."[50] Accordingly, the court held that these restrictions on possession brought the applicant within the "unless clause."[51]

With this holding, the Ninth Circuit also rejected the argument that the terms "may not ... possess" would not reach concealment as a mere manner of possession, finding that "such a reading of the statute would, as the Court explained in *Caron*, be implausible in light of Congress' purposes."[52] The state "imposed firearms restrictions on [the applicant] because he [was] 'too dangerous to trust with handguns,' unlike someone without a similar criminal history."[53] Therefore, although the state had enacted only a time, place, or manner restriction on the applicant's possession of handguns, because Congress adopted "a single, national, protective policy, broader than required by state law" after *Caron*, no reasonable doubt about the meaning of the statute persists.[54]

District courts within this circuit interpreting Louisiana's law have applied *Caron* and have relied upon *Sanford* and *Van der Hule* in concluding that Louisiana's concealed

---

[48] *Id.*
[49] *Id.* at 1049–1050.
[50] *Id.* at 1050.
[51] *Id.*
[52] *Id.*
[53] *Id.*
[54] *Id.*
59512

handgun permit law triggers the "unless clause." Defendant claims these courts erroneously relied on *Sanford* and *Van der Hule* because those appellate courts misapplied *Caron* and because the state laws being addressed by the Sixth and Ninth Circuits are substantively dissimilar from Louisiana's concealed handgun permit law.

### D. District Court Cases Interpreting Louisiana's Law

District courts within the Fifth Circuit have considered and rejected the arguments made by Defendant herein, under *Caron.* In each of these cases, the district courts determined that Louisiana's concealed handgun permit law triggers the "unless clause." The Court turns to a discussion of these cases.

> 1. *Axton v. United States Dep't of Justice*,[55] *United States v. Sam*,[56] and *United States v. Viola*[57]

In *Axton*, the plaintiff sued the U.S. Department of Justice and the FBI because he was prevented by the FBI from purchasing a firearm although he had received a full pardon for his underlying criminal offense. The FBI advised Axton that, despite having been fully pardoned, he was prevented from purchasing a firearm under 18 U.S.C. §§ 921(a)(20) and 922(g)(1).[58] Axton administratively appealed this determination and presented documentation regarding his pardon; however, the FBI again responded by informing Axton that the material submitted "does not nullify [his] transaction's prohibition because it does not restore federal firearm rights."[59]

The *Axton* court discussed relevant jurisprudence:

---

[55] 2016 WL 4496165 (E.D. La. Aug. 25, 2016).
[56] 2016 WL 1573002 (W.D. La. Apr. 18, 2016).
[57] 2016 WL 3040695 (W.D. La. May 24, 2016).
[58] *Id.* at *1.
[59] *Id.* (footnote omitted).
59512

Neither the Supreme Court nor the Fifth Circuit has addressed how Louisiana's prohibition against felons, and those who have been pardoned, from obtaining concealed-carry permits interacts with Section 921(a)(20), though two federal district courts within the Fifth Circuit have done so. In *United States v. Sam*, a court in the Western District of Louisiana recognized "Louisiana law ... prohibits convicted felons, like Sam, from obtaining a concealed carry permit. This restriction prohibits Sam from both possessing and transporting a firearm in the same manner as those who do not have a felony conviction."[60] The *Sam* court concluded, "In short, Louisiana has deemed Sam too dangerous to obtain a concealed carry permit and this finding, under *Caron*, is sufficient to trigger the federal ban contained in the 'possess' and 'transport' elements of the 'unless clause' of § 921(a)(20)."[61] The court emphasized, "because Sam does not have the same freedom to transport and possess a firearm as a Louisiana citizen without an aggravated battery conviction, under the 'all or nothing' approach adopted in *Caron*, this restriction is sufficient to trigger the 'unless clause.'"[62] Another court in the Western District reached similar conclusions in *United States v. Viola*.[63]

Both *Sam* and *Viola* were criminal prosecutions, and whether the "unless clause" of Section 921(a)(20) applied was determinative of whether the defendants could be charged criminally with being felons in possession under Section 922(g)(1). The instant case is not a criminal prosecution but a civil action in which Axton, a convicted felon who has been pardoned, was prohibited from purchasing a firearm under the "unless clause" of Section 921(a)(20). Although the *Sam* and *Viola* decisions were rendered in the context of criminal proceedings, the reasoning behind those decisions applies with equal weight in this civil case.[64]

The *Axton* court then discussed the *Van der Hule* decision, stating that it was "on all fours with this case," and the Ninth Circuit's reasoning was persuasive.[65] The court ultimately determined that, because Axton is prohibited under Louisiana law from obtaining a concealed-carry permit due to his prior felony conviction, he is unable to possess any firearms pursuant to the "unless clause" of Section 921(a)(20), despite Axton having been

---

[60] *Id.* at *3 (quoting *Sam*, 2016 WL 1600229, at *5, adopted by 2016 WL 1573002 (W.D. La. Apr. 16, 2016)).
[61] *Id.* (quoting *Sam*, 2016 WL 1600229, at *5).
[62] *Id.* (quoting *Sam*, 2016 WL 1600229, at *5).
[63] *Id.* (citing *Viola*, 2016 WL 3040695 (W.D. La. May 24, 2016).
[64] *Id.*
[65] *Id.*
59512

pardoned.[66] The court further found that "[t]he all-or-nothing approach defined by the Supreme Court in *Caron* effectively mandates this conclusion, which is in line with the decisions reached in *Sam*, *Viola*, and *Van der hule*. As a matter of law, Axton is prohibited from possessing a firearm under Section 921(a)(20)."[67]

### 2. *United States v. Harris*[68]

The exact argument advanced by Defendant in this matter was rejected by the district court for the Eastern District of Texas in *Harris*, which was required to analyze Louisiana's concealed handgun permit law.  In *Harris*, the defendant moved for dismissal of the federal charges brought against him, asserting a legal defect in the indictment for failure to state an offense. Harris argued that his 1997 state felony drug conviction could not serve as a predicate offense for § 922(g)(1) charges because "the State of Louisiana restored his civil rights—including his right to possess firearms—before the date of the incident giving rise to prosecution."[69]

The government did not dispute that Harris had received a first-time offender pardon for this conviction, that the State had restored his basic rights of citizenship, or that his right to possess firearms under State law was restored when the 10-year statutory disability expired on December 5, 2010.  Rather, the government argued that the 1997 conviction remained a proper predicate offense for § 922(g)(1) charges because the State of Louisiana continues to restrict Harris from the class of persons eligible to obtain a concealed handgun permit based on his criminal history.[70]

---

[66] *Id.*
[67] *Id.*
[68] 2018 WL 6498715 (E.D. Tex. Dec. 11, 2018).
[69] *Id.* at *2 (citation omitted).
[70] *Id.* (citing La. R. S. 40:1379.3.).
59512

The initial motion to dismiss the indictment was referred to the magistrate judge, who recommended dismissal of the indictment after concluding that the State of Louisiana had fully restored Harris' rights, including his right to possess firearms.  As argued by the present Defendant, "[i]mportant to the magistrate's reasoning was that Louisiana law did not limit the type of firearms Mr. Harris could possess following restoration of his rights."[71] The magistrate judge did not believe that the Louisiana law preventing Harris from qualifying for a concealed handgun permit amounted to a sufficient restriction on his right to possess or transport firearms so as to render the conviction a predicate offense for federal gun charges.[72]  The government objected to the magistrate's recommendation that the indictment should be dismissed.

The district court expressly rejected this finding by the magistrate judge.  First, with regard to step one, the restoration of Harris' civil rights, the court determined as follows:

> This Court finds that the basic rights of citizenship and franchise were restored automatically to Mr. Harris as a first-time offender when he successfully completed his probationary sentence on December 5, 2000. Because he remained subject to a 10-year disability on firearm possession under Louisiana law the Court finds that his rights were "sufficiently restored" by operation of law on December 5, 2010. As the recipient of a first-time offender pardon and not a gubernatorial pardon, Mr. Harris was not reinstated to status of innocence, the existence of the conviction was not erased, and the 1997 conviction may be used in subsequent proceedings to enhance punishment and to adjudicate habitual offender status.[73]

Addressing whether the restoration of Harris' rights contained restrictions, the court held as follows:

> Although the 10-year statutory disability on Mr. Harris's right to possess a firearm lapsed, Louisiana law continues to consider him ineligible for a

---

[71] *Id.* (citations omitted).
[72] *Id.*
[73] *Id.* at *5.
59512

permit to possess a concealed handgun because [of] the 1997 state felony conviction. The State of Louisiana will not issue concealed carry permits to persons who have unexpunged first-time offender felony pardons on their criminal records. Put another way, Mr. Harris is excluded from the class of persons who can be permitted to carry a concealed weapon under Louisiana law because of the 1997 felony conviction.[74]

The question then becomes whether excluding Mr. Harris from eligibility for a concealed handgun permit is a restriction on his right "to ship, transport, possess, or receive firearms" sufficient to trigger the "unless clause." 18 U.S.C. § 921(a)(20). If this exclusion does restrict his firearm rights, then the 1997 drug conviction continues to serve as a proper predicate offense for federal prosecution of Mr. Harris as a state felon in possession.[75]

The court noted that the Fifth Circuit has not expressly addressed whether the Louisiana concealed handgun permit, which excludes persons from eligibility for a concealed handgun license because of their criminal history, is a restriction sufficient to trigger the "unless clause." Thus, the *Harris* court looked to *Caron* in analyzing this question.[76] The court concluded:

As previously considered, Mr. Harris's rights were restored passively, by operation of Louisiana constitutional and statutory laws, which automatically pardons certain first-time offenders, rather than by way of a discretionary gubernatorial pardon. As such, the general law of Louisiana defines his State firearm rights and not any certificate or verification issued by the governor. Had he received a governor's pardon, the Court acknowledges that the pardon document itself would have had to expressly provide that Mr. Harris was ineligible for a concealed handgun permit for that restriction to apply to him. This is because the effect of a governor's pardon is to return the offender to a status of innocence, erasing the existence of the conviction. A first-time offender pardon does not have this effect under Louisiana law, and Mr. Harris remains subject to laws applicable to persons convicted of felony crimes generally, including the law preventing issuance of a handgun permit to him.

The Court also disagrees with the magistrate's conclusion that the *Caron* holding is limited to State restrictions that circumscribe the possession of certain types of firearms. Quite the opposite, there was no type of firearm

---

[74] *Id.*
[75] *Id.* at *6.
[76] *Id.*
59512

that Mr. Caron could not legally own, possess or carry at his home or business under Massachusetts law. The restriction at issue prevented him from carrying one type of firearm—a handgun—when not at his home or place of business. Although the Supreme Court did not frame the Massachusetts restrictions as a time, place and manner limitation on Mr. Caron's firearm rights, that is as a factual matter what it was. This type of restriction triggered the "unless clause" even though it only limited but did not completely take away his right to possess and transport handguns.[77]

The *Harris* court then discussed *Sanford*, *Van der Hule*, *Axton*, *Sam*, and *Viola*, and concluded:

> The Court finds that the restoration of Mr. Harris's rights under Lousiana [sic] law included restrictions on his ability to possess and transport firearms. Because his rights were passively restored by operation of Louisiana law and not by issuance of a gubernatorial pardon, Mr. Harris remained subject to the laws of the State generally applicable to persons convicted of felonies. The State of Louisiana precludes persons with unexpunged felony convictions like Mr. Harris from the class of persons eligible to receive a permit to carry a concealed handgun. Without a concealed handgun permit, Mr. Harris is limited in the way he can possess and transport handguns vis-a-vis Louisiana residents lacking his criminal record who are eligible for permits. **That this limitation is not a total or blanket ban on his right to possess or transport handguns is not determinative.** A time, place or manner restriction on an offender's firearm rights based upon their criminal history is sufficient to trigger the "unless clause." That a concealed carry permit can be characterized as a "privilege" that has the effect of expanding firearm rights beyond that of what the general law provides makes no difference to this analysis. Lousiana [sic] has singled out persons like Mr. Harris with unexpunged felonies as more dangerous than law-abiding citizens, and federal law uses this determination to impose restrictions on his possession of firearms and ammunition under federal law. The 1997 State conviction "counts" for the purpose of excluding him from eligibility for a concealed handgun permit, and under *Caron*'s all-or-nothing interpretation of the § 921(a)(20) "unless clause," the conviction therefore constitutes an appropriate predicate offense for § 922(g) charges under federal law.[78]

---

[77] *Id.* at *7.
[78] *Id.* at *9.
59512

Considering the foregoing jurisprudence, in the Court's view, the relief sought by Defendant herein is expressly foreclosed. Nevertheless, the Court will address Defendant's arguments.

### E. Arguments by Defendant and Government

Defendant notes that the post-*Dupaquier* decisions within this circuit analyze the "unless clause" as it relates to different restrictions on felons. Defendant also acknowledges that *Sam*, *Viola*, and *Axton* interpret La R.S. 40:1379.3 as triggering the "unless clause" of Section 921(a)(20). However, as the Government acknowledges, the Fifth Circuit has not analyzed the Louisiana concealed handgun permit law to specifically determine whether it triggers the "unless clause." Defendant states that the three district court cases noted above rely on *Caron* and two appeals court cases (*United States v. Sanford* and *Van der Hule v. Holder*) that apply *Caron* to concealed handgun permit laws. However, Defendant maintains that the "unless clause" triggering laws in *Caron*, *Sanford*, and *Van der Hule* are distinguishable from La R.S. 40:1379.3, rendering *Sam*, *Viola*, and *Axton*'s reliance thereon misplaced.

Defendant also argues that the *Caron* Court's interpretation of the "unless clause" is inapplicable to him because, ten years after Defendant completed his sentence, Louisiana law restored his right to possess firearms pursuant to La. R.S. 95.1(C). For purposes of that statute, "firearm" means any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged

59512

by an explosive.[79]  Defendant contends that, unlike in *Caron*, Louisiana's restoration law does not forbid him from possessing certain types of firearms. Rather, under the list set forth in La R.S. 95.1(D), Defendant claims he is allowed to possess all types of firearms, including pistols, machine guns, and certain types of assault rifles. Because of Caron's status as a felon, Massachusetts treated him "as too dangerous to trust with handguns[.]"[80]  However, according to Defendant, Louisiana does not treat convicted felons in this way.  Defendant argues he is free to possess any type of firearm he chooses, and, because Louisiana's restoration law does not "expressly provide that he may not ... possess ... firearms," the "unless clause" does not apply to him.

Defendant also contends *Caron* should be revisited as expressed by Judge Elrod in her concurrence in *Viola*.[81]  However, in her concurrence, Judge Elrod acknowledged that "Louisiana law explicitly provides that recipients of the first offender pardon are not eligible to receive a concealed carry permit . . . As explained below, under *Caron*'s interpretation of Section 921(a)(20), that limitation triggers the 'unless clause.' As such, the district court could not have dismissed the indictment for lack of a predicate offense while still being faithful to the Supreme Court's precedent in *Caron*."[82] Thus, as noted by the Government, despite her questions about *Caron*, Judge Elrod still determined that precedent dictates against the relief sought by the Defendant herein.

---

[79] La. R.S. 95.1(D).
[80] *Caron*, 524 U.S. at 316.
[81] 768 Fed. Appx. 238, 247 (5th Cir. Apr. 17, 2019).  In her concurrence, Judge Elrod noted that *Caron* was decided prior to *District of Columbia v. Heller* and *McDonald v. City of Chicago, Ill.*  Further, *Caron* was decided in an era where some courts "rejected the fact that the right to keep and bear arms for self-defense is an individual right entitled to constitutional protection." *Id.* Elrod continued: "*Caron*'s different treatment of the restoration of the right to possess firearms from the restoration of other fundamental rights raises questions as to its continued validity." *Id.*
[82] *Viola*, 768 F. App'x 238, 245 fn. 6 (5th Cir. 2019) (unpublished) (Elrod, J., concurring).
59512

Additionally, as the Government points out, while the Supreme Court subsequently decided *District of Columbia v. Heller* and *McDonald v. City of Chicago, Ill.,* those cases involved broad firearm restrictions applicable to all citizens and were not focused on the possession of firearms by persons previously convicted of crimes, as is the case here. Indeed, *Heller* affirmed, and *McDonald* reiterated, the core principle upon which this prosecution is based, stating: "Like most rights, the right secured by the Second Amendment is not unlimited . . . the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful . . . nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . ."[83]

Defendant claims that, pursuant to La. R.S. 40:1379.3, his transportation of a firearm is not limited like Sanford's was; therefore, the reasoning in *Sanford* is inapplicable to this case. Defendant argues *Van der Hule* is also inapposite here because it misapplied *Caron* because *Caron* contains no language that holds that the "unless clause" applies when a state statute imposes a time, place, and manner restriction for a felon possessing a firearm. Defendant maintains that *Van der Hule*'s interpretation of *Caron* is "too extensive and divorced from the actual text of the 'unless clause'"[84]

Specifically, Defendant notes that Louisiana is classified as an "open carry" state. The carrying of an unconcealed weapon is guaranteed to each citizen and each citizen has the right to keep and bear arms.[85] Defendant contends he is no longer prohibited

---

[83] *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *see also McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010).
[84] Rec. Doc. No. 17-1, p. 12.
[85] La. Const. art. I, § 11; *State v. Nelson*, 367 So.2d 317 (La.1979).
59512

from possessing a firearm under La Rs 14:95.1; thus, his right to carry an unconcealed firearm is not limited by his status as a convicted felon.

Turning to the limitations of transportation faced by people unable to receive a concealed carry permit, the statute at issue states: "No concealed handgun permit shall be valid or entitle any permittee to carry a concealed weapon in any facility, building, location, zone, or area in which firearms are banned by state or federal law."[86] Because the statue states that concealed weapons cannot be carried in places firearms are generally banned, Defendant contends La. R.S. 40:1379.3 has no impact on a person's ability to transport firearms, and he is free to carry an unconcealed firearm anywhere a person with a concealed carry permit could. Thus, he maintains his "freedom" to transport a firearm is not limited like the defendant's in *Sanford*.

Defendant also contends that, since the decisions in *Sam*, *Viola*, and *Axton*, the Louisiana Legislature has removed the "lifetime restriction" that "forbids" a person with a prior felony conviction from obtaining a concealed handgun permit. Defendant notes that Act No. 212 of the 2016 La. Legislative Session amended the concealed handgun permit law by allowing for persons convicted of a felony to possess a firearm if their previous conviction had been expunged, and it struck through the provision referencing La. Code of Criminal Procedure article 893. Defendant contends "[t]his radical change completely undercuts the notion relied on by *Sam*, *Viola*, and *Axton* that felons are forbidden for a lifetime from having a concealed handgun permit. The State of Louisiana no longer deems felons to be too dangerous to carry concealed firearms. Now a felon can be issued a

---

[86] La. R.S 40:1379.3 (M).
59512

concealed weapon permit by simply applying for an expungement under La. C. Cr. P art. 971 et. seq."[87]

The Government opposes this argument, asserting that the revisions to this law have no impact on the Court's analysis under *Caron*. First, the Government states that, more than one of the state residual restrictions found to trigger the "unless clause" expired upon the end of a period of time, including Louisiana's own 10-year firearm prohibition found in La. R.S. § 14:95.1.[88] Thus, the Government argues that, just as no "blanket ban" is required to trigger the "unless clause," no "lifetime restriction" is required either.

Second, the Government notes that the courts in *Viola* and *Sam* each characterize Louisiana's concealed carry law as a "lifetime restriction" only once, and this characterization does not factor into the reasoning of those decisions.[89] Further, the *Harris* and *Axton* courts did not mention the length of the restriction at all in their analysis. In fact, *Harris* expressly considered that a convicted felon could expunge a conviction and become eligible for a concealed carry permit.[90] The Government contends the ability to expunge a conviction did not change the *Harris* court's conclusion from that of *Viola*, *Sam*, or *Axton*.[91] In analyzing the "unless clause," the question is not whether the residual restriction is permanent, but whether there is a residual restriction at all. The Court agrees.

---

[87] Rec. Doc. No. 17-1, pp. 16-17.
[88] *See, e.g., Sanford*, 707 F.3d at 596 (ineligible for concealed weapons permit for eight years triggered the "unless clause"); *Dupaquier*, 74 F. 3d 618 (ineligible to possess firearm for 10 years triggered "unless clause").
[89] *See Viola*, 2016 WL 3040695 at *3 and *Sam*, 2016 WL 1600229 at *3.
[90] *Harris*, 2018 WL 6498715 at *5.
[91] *Id.* at *9 ("Louisiana precludes persons with unexpunged felony convictions like Mr. Harris from the class of persons eligible to receive a permit").
59512

### F. Application

The Court finds that Defendant's arguments must be rejected under the applicable Supreme Court and Fifth Circuit jurisprudence. As set forth above, most of Defendant's arguments have already been considered and rejected by district courts within the Fifth Circuit interpreting Louisiana's concealed handgun permit law. Defendant essentially seeks that this Court grant his requested relief and ignore the plethora of applicable jurisprudence that runs counter to his claims. Defendant argues simply that these cases are legally wrong, and the Supreme Court should revisit its decision in *Caron*. While the Court understands the basis for Defendant's arguments, as noted by Judge Elrod in her *Viola* concurrence, the opposite result is **mandated** by current Supreme Court and Fifth Circuit jurisprudence. Further, Defendant's assertion that the recent amendment to Louisiana's concealed handgun permit law renders *Sam*, *Viola*, and *Axton* inapplicable is undermined by the *Harris* decision, post-amendment, which affirms and reinforces the holdings of the prior cases.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*[92] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 13, 2020.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[92] Rec. Doc. No. 17.

59512